EK:EW
F. #2011R00742

CR 13-00068

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

I N D I C T M E N T

- against -

CHENGLAN HU,
GUAN JUN ZHANG,
HUA FEI ZHANG,
JUN WU ZHANG,
XIU LAN ZHANG,
FAMILY PRODUCT USA INC.,
H.M. IMPORT USA CORP.,
ZCY TRADING CORP.,
ZONE IMPORT CORP. and
ZY WHOLESALE INC.,

Defendants.

Cr. No. _____

(T. 15, U.S.C.,
§§ 2068(a)(1),
2068(a)(2)(D),
2070(a)(3), 2070(b) and
2070(c); T. 17,
U.S.C., §§ 506(a)(1)(A)
and 602(a)(2); T. 18,
U.S.C., §§ 371, 545,
982(a)(1), 982(a)(2)(B),
982(b), 1956(h),
2319(b)(1), 2320(a)(1),
2323, 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p);
T. 28, U.S.C., § 2461(c);
T. 31, U.S.C., § 5317)

- - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless

otherwise indicated:

The Consumer Product Safety Act

1.     The United States Consumer Product Safety

Commission ("CPSC" or "Commission") was an independent federal

regulatory agency that enforced the Consumer Product Safety Act,

15 U.S.C. §§ 2051-2089 ("CPSA"), the Consumer Product Safety

Improvement Act of 2008, Public Law 110-314, as amended by Public

Law 112-28 (2011) ("CPSIA"), the Federal Hazardous Substances

Act, 15 U.S.C. §§ 1261–1278 ("FHSA"), and related regulations. One of the purposes of the CPSC was to protect the public against unreasonable risks of injury associated with consumer products.

2.    The CPSA, 15 U.S.C. § 2068(a)(1), made it unlawful for any person to sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States any consumer product, or other product or substance that was regulated under the CPSA or any other Act enforced by the Commission, that was not in conformity with an applicable consumer product safety rule under the CPSA, or any similar rule, regulation, standard, or ban under any other Act enforced by the Commission.

3.    Pursuant to 15 U.S.C. § 2068(a)(1), it was unlawful to sell, offer for sale, manufacture for sale, distribute in commerce or import into the United States children's toys or child care articles containing more than .1 percent phthalates under the CPSIA, 15 U.S.C. §§ 2057c(a) and 2057c(b)(1).  Pursuant to 15 U.S.C. § 2068(a)(1), it was unlawful to sell, offer for sale, manufacture for sale, distribute in commerce or import into the United States children's toys with batteries that were accessible without the use of a coin, screwdriver, or other common household tool under the CPSIA, 15 U.S.C. § 2056b(a).

4.    The CPSA, 15 U.S.C. § 2068(a)(2)(D), made it unlawful for any person to sell, offer for sale, manufacture for sale, distribute in commerce, or import into the United States any consumer product, or other product or substance that was a banned hazardous substance within the meaning of the FHSA, 15 U.S.C. § 1261(q)(1).  Pursuant to 16 C.F.R. § 1500.18(a)(9) and Part 1501, toys and other articles intended for use by children under three years of age that constituted a mechanical hazard because they contained small parts which presented the risk of choking, aspiration, or ingestion were banned hazardous substances.  As of August 14, 2011, children's products containing more than .001 percent, or 100 parts per million (ppm) lead, were deemed banned hazardous substances.  15 U.S.C. § 1278a(a)(2)(C).

5.    A knowing and willful violation of section 2068(a)(1) or 2068(a)(2)(D) was a felony, under 15 U.S.C. § 2070.

The Copyright Act of 1976

6.    The Copyright Act of 1976, as amended, provided that copyright protection existed for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated ...." 17 U.S.C. § 102(a).  "Works of authorship" included "pictorial" and "graphic" works.  17 U.S.C. § 102(a)(5).

7.    Copyright protection gave the creator of the work certain exclusive rights, including the rights to reproduce and distribute the work (or to authorize another to do so).   17 U.S.C. § 106.  A work was protected by copyright law from the moment it was created, even if it was not registered with the United States Copyright Office, and registration was not required for criminal prosecution.  17 U.S.C. §§ 101-102(a), 408(a), 411(a).  Works made for hire (e.g., works made by or at the behest of a corporation) were protected for 95 years from the date of first publication.  17 U.S.C. § 302(c).

8.    Infringement of a copyright was a crime if committed willfully and (1) for commercial advantage or private financial gain, or (2) by reproducing or distributing infringing copies of works with a total retail value of over $1,000 during a 180-day period.  17 U.S.C. § 506(a)(1).

The Trademark Counterfeiting Act of 1984

9.    A trademark was "any word, name, symbol, or device, or any combination thereof ... used by a person ... to identify and distinguish his or her goods ... from those manufactured or sold by others and to indicate the source of the goods."  15 U.S.C. § 1127.

10.    The Trademark Counterfeiting Act of 1984, at 18 U.S.C. § 2320, as amended, criminalized trademark infringement. Under 18 U.S.C. § 2320(a)(1), trademark infringement was a crime

if one intentionally trafficked in goods and knowingly used a counterfeit mark in connection with the goods.

     11.   A "counterfeit mark" was a "spurious" mark:

     (i)   used in connection with trafficking in the goods;

     (ii)   that was identical with, or substantially indistinguishable from, a mark registered on the principal register in the United States Patent and Trademark Office, and in current use;

     (iii)   that was applied to or used in connection with the goods for which the mark was registered; and

     (iv)   the use of which was likely to cause confusion, to cause mistake, or to deceive.

18 U.S.C. § 2320(f)(1)(A).

The Defendants and Their Companies

     12.   The defendants GUAN JUN ZHANG, JUN WU ZHANG, HUA FEI ZHANG, CHENGLAN HU and XIU LAN ZHANG (collectively, the "individual defendants") were all related to one another.   From in or about 2009 through in or about January 2013, all of the individual defendants except defendant XIU LAN ZHANG shared the same residence in Queens, New York (the "Queens Residence").

     13.   Defendant GUAN JUN ZHANG was a principal of defendant FAMILY PRODUCT USA INC., a closely held toy company incorporated in New York State on April 2, 2012, with its process address at a residence owned by defendant HUA FEI ZHANG in Corona, New York, and its principal place of business at a warehouse in Ridgewood, New York (the "Ridgewood Warehouse").

14.   Defendant GUAN JUN ZHANG was also the President and sole shareholder of defendant ZCY TRADING CORP., a closely held toy company incorporated in New York State on August 20, 2007, with its principal executive office at the Queens Residence, and its process address and principal place of business at the Ridgewood Warehouse.

15.   Defendant GUAN JUN ZHANG was also the President and sole shareholder of HCC Wholesales, Inc., a closely held toy company incorporated in New York State on April 18, 2008 and dissolved on September 13, 2012, with its principal place of business at the Ridgewood Warehouse.

16.   Defendant CHENGLAN HU was the President and sole shareholder of defendant ZY WHOLESALE INC., a closely held toy company incorporated in New York State on March 1, 2010, with its process address in Brooklyn, New York and its principal place of business at the Ridgewood Warehouse.

17.   Defendant CHENGLAN HU was also the President and sole shareholder of HCL Lucky Toys Inc., a closely held toy company incorporated in New York State on January 26, 2007 and dissolved on January 23, 2012, with its process address in New York, New York.

18.   Defendant JUN WU ZHANG was the President and sole shareholder of defendant H.M. IMPORT USA CORP., a closely held toy company incorporated in New York State on November 13, 2007,

with its process address and principal place of business at the
Ridgewood Warehouse.

19.   Defendant JUN WU ZHANG was also the President and
sole shareholder of Toy Season Trading Inc., a closely held toy
company incorporated in New York State on April 5, 2005 and
dissolved on February 11, 2008, with its process address at the
same location in New York, New York as HCL Lucky Toys Inc.
Defendant HUA FEI ZHANG also was a principal of Toy Season
Trading Inc.

20.   Defendant XIU LAN ZHANG was the President and sole
shareholder of defendant ZONE IMPORT CORP., a closely held toy
company incorporated in New York State on June 14, 2005, with its
process address and principal place of business at the same
location in Brooklyn, New York as defendant ZCY TRADING CORP.

The Defendants' Importation of Dangerous and Counterfeit Toys

21.   From in or about July 2005 through in or about
January 2013, in Queens, New York and elsewhere, defendants
CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG and XIU
LAN ZHANG, together with others, and defendants FAMILY PRODUCT
USA INC., H.M. IMPORT USA CORP., ZCY TRADING CORP., ZONE IMPORT
CORP., and ZY WHOLESALE INC., as well as HCC Wholesales, Inc.,
HCL Lucky Toys Inc. and Toy Season Trading Inc. (collectively,
the "violator toy companies"), imported into the United States
children's toys from the People's Republic of China ("PRC").

22.   From in or about July 2005 through in or about
January 2013, the violator toy companies had children's toys
seized by Customs and Border Protection ("CBP") entering the
United States from the PRC on thirty-three separate occasions
("the Thirty-Three Seizures").   Seventeen of the Thirty-Three
Seizures were of violative toys – toys prohibited from
distribution in the United States, under laws and regulations
enforced by the CPSC, because of excessive phthalate levels,
accessible battery compartments, small parts that presented
choking, aspiration or ingestion hazards, and excessive lead
content.   Sixteen of the Thirty-Three Seizures were of toys
bearing copyright-infringing images and counterfeit trademarks.

23.   Following each of the Thirty-Three Seizures, the
violator toy company was served written notice by CBP of the
reason for the seizure – that the seized toys were violative of
the CPSA, and/or that they bore copyright-infringing images and
counterfeit trademarks.   Each time, a representative of the
violator toy company signed a release form acknowledging the
seizure and abandoning the seized goods.

24.   In addition, following each of the seventeen
seizures of violative toys, the violator company and its
principal were served written notice by CPSC of the specific
safety violations of the toys.   Each time, a representative of

the violator toy company signed a release form acknowledging the seizure and abandoning the seized goods.

25. Due to the number and volume of the seizures, the individual defendants kept forming and shifting their use of the violator toy companies and taking turns as principals, in order to continue importing and distributing violative and infringing toys. Each time the number of seizures accumulated for one violator toy company, the individual defendants formed a new violator toy company to continue importing the violative and infringing toys.

<u>COUNT ONE</u>
(Conspiracy to
Import Violative Consumer Products into the United States)

26. The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

27. In or about and between January 2012 and January 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG, FAMILY PRODUCT USA INC., H.M. IMPORT USA CORP., ZCY TRADING CORP., ZONE IMPORT CORP. and ZY WHOLESALE INC., together with others, did knowingly and intentionally conspire to knowingly and willfully sell, offer for sale, distribute in

commerce and import into the United States consumer products that:

     (i)   were regulated, and not in conformity with applicable consumer product safety rules, under the CPSA, CPSIA and FHSA, contrary to Title 15, United States Code, Sections 2068(a)(1), 2070(a)(3) and 2070(b), and

     (ii) were banned hazardous substances within the meaning of the FHSA, 15 U.S.C. § 1261(q)(1), contrary to Title 15, United States Code, Sections 2068(a)(2)(D), 2070(a)(3) and 2070(b).

     28.   In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG, FAMILY PRODUCT USA INC., ZCY TRADING CORP. and ZY WHOLESALE INC., together with others, committed and caused the commission of, among others, the following:

OVERT ACTS

     a.   ZY WHOLESALE INC. and CHENGLAN HU imported into the United States toy planes (item. no. 2686), with small parts prohibited under the CPSA, seized by CBP on or about February 29, 2012.

     b.   ZY WHOLESALE INC. and CHENGLAN HU imported into the United States children's scooters with lead content, and basketball sets with lead content and phthalate levels, all prohibited under the CPSA, and all seized by CBP on or about April 2, 2012.

c.    ZY WHOLESALE INC. and CHENGLAN HU imported
into the United States toy cars, with small parts prohibited
under the CPSA, seized by CBP on or about April 18, 2012.

d.    ZY WHOLESALE INC. and CHENGLAN HU imported
into the United States toy planes (item no. 2686), with small
parts prohibited under the CPSA, seized by CBP on or about April
20, 2012.

e.    ZY WHOLESALE INC. and CHENGLAN HU imported
into the United States toy accordions, with lead content
prohibited under the CPSC, seized by CBP on or about April 23,
2012.

f.    GUAN JUN ZHANG used HCC Wholesales, Inc. to
import into the United States toy dolls (item no. 2688), with
phthalate levels prohibited under the CPSA, seized by CBP on or
about June 19, 2012.

g.    GUAN JUN ZHANG used HCC Wholesales, Inc. to
import into the United States toy ponies and toy dolls, with lead
content and phthalate levels prohibited under the CPSA, seized by
CBP on or about June 25, 2012.

h.    GUAN JUN ZHANG used HCC Wholesales, Inc. to
import into the United States toy dolls (item no. 2688) with
phthalate levels, and toy bubble guns (including items no. 2021
and 2022) with small parts and accessible battery compartments,

all prohibited under the CPSA, and all seized by CBP on or about July 2, 2012.

> i.   GUAN JUN ZHANG used HCC Wholesales, Inc. to import into the United States toy bubble guns (including item no. ZY 989-1), with small parts and accessible battery compartments prohibited under the CPSA, seized by CBP on or about July 31, 2012.

> j.   FAMILY PRODUCT USA INC. and GUAN JUN ZHANG imported into the United States children's play mats (items. no. 9004, 9005 and 9007), with lead content prohibited under the CPSA, seized by CBP on or about August 9, 2012.

> k.   FAMILY PRODUCT USA INC. and GUAN JUN ZHANG imported into the United States children's play mats (items. no. 9005 and 9006) with lead content, Thomas push toy trains with small parts, and toy bubble guns (items no. 2021 and 2022) with small parts and accessible battery compartments, all prohibited under the CPSA, and all seized by CBP on or about August 13, 2012.

> l.   FAMILY PRODUCT USA INC. and GUAN JUN ZHANG imported into the United States children's play mats (item no. 9004) with lead content, and toy bubble guns (item no. ZY-989-1) with small parts and accessible battery compartments, all prohibited under the CPSA, and all seized by CBP on or about August 27, 2012.

m.   FAMILY PRODUCT USA INC. and GUAN JUN ZHANG imported into the United States children's play mats (items no. 9004 and 9007) with lead content, and toy bubble guns (item no. ZY 989-1) with small parts and accessible battery compartments, all prohibited under the CPSA, and all seized by CBP on or about September 10, 2012.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT TWO
(Conspiracy to
Commit Copyright Infringement and
Traffic in Counterfeit Goods)

29.   The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

30.   In or about and between July 2005 and January 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG, FAMILY PRODUCT USA INC., H.M. IMPORT USA CORP., ZCY TRADING CORP., ZONE IMPORT CORP. and ZY WHOLESALE INC., together with others, did knowingly and intentionally conspire:

(a)   to willfully infringe a copyright for purposes of commercial advantage and private financial gain, contrary to Title 17, United States Code, Section 506(a)(1)(A); and

(b)   to intentionally traffic in goods, knowingly using a counterfeit mark on and in connection with such

goods, contrary to Title 18, United States Code, Section 2320(a)(1).

31.  In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG, FAMILY PRODUCT USA INC., H.M. IMPORT USA CORP., ZCY TRADING CORP., ZONE IMPORT CORP. and ZY WHOLESALE INC., together with others, committed and caused the commission of, among others, the following:

<u>OVERT ACTS</u>

a.  HUA FEI ZHANG and JUN WU ZHANG used Toy Season Trading Inc. to import into the United States "knockoff," meaning copy or imitation, Winnie the Pooh bubble blowers seized by CBP on or about July 19, 2005.

b.  HUA FEI ZHANG and JUN WU ZHANG used Toy Season Trading Inc. to import into the United States knockoff Dora the Explorer dolls seized by CBP on or about March 14, 2006.

c.  CHENGLAN HU used HCL Lucky Toys Inc. to import into the United States knockoff Betty Boop and Dora the Explorer watches seized by CBP on or about September 1, 2007.

d.  ZONE IMPORT CORP. and XIU LAN ZHANG imported into the United States knockoff Disney puzzle cubes, Dora the Explorer bubbles, sticker packs and talking dolls, SpongeBob stuffed dolls, Hello Kitty wall clocks, Winnie the Pooh wall clocks and wallets, Betty Boop alarm clocks and Strawberry

Shortcake watches, all seized by CBP on or about November 13, 2007.

     e.    ZONE IMPORT CORP. and XIU LAN ZHANG imported into the United States knockoff SpongeBob stuffed toys and bags, Dora the Explorer battery cars and bubbles, Diego bubbles, Teenage Mutant Ninja Turtles figurines, Spiderman battery cars and figurines, Power Ranger figurines, Winnie the Pooh and Betty Boop wallets, Cars toy car sets and Cinderella sticker sets, all seized by CBP on or about November 26, 2007.

     f.    CHENGLAN HU used HCL Lucky Toys Inc. to import into the United States knockoff Winnie the Pooh key chains, Hello Kitty mugs, stuffed animals and watches, SpongeBob Squarepants study kits, Spiderman backpacks and pencil sets, Batman 5 action figure sets, Wrestlemania figurines, Tweety stuffed dolls, and New York Mets and New York Yankees lanyards, all seized by CBP on or about July 10, 2008.

     g.    H.M. IMPORTS USA CORP. and JUN WU ZHANG imported into the United States knockoff Hannah Montana pillows and party bags, Cars, SpongeBob, Winnie the Pooh, Disney, Dora the Explorer and Diego pillows, High School Musical 2 pillows and stickers and Mickey Mouse beach balls, all seized by CBP on or about August 21, 2008.

     h.    H.M. IMPORT USA CORP. and JUN WU ZHANG imported into the United States knockoff Hannah Montana pillows,

Disney, SpongeBob Squarepants, Betty Boop, Diego and Transformers pillows, Winnie the Pooh shoe bags, Cars pillows and stickers, Tweety stuffed animals and Dora wall clocks, all seized by CBP on or about October 14, 2008.

        i.    H.M. IMPORT USA CORP. and JUN WU ZHANG imported into the United States knockoff Disney, Betty Boop, Dora the Explorer, Winnie the Pooh, Cars and Transformers pillows, Tinkerbell backpacks, High School Musical 2 pillows and stickers, and Mickey Mouse beach balls and beach tubes, all seized by CBP on or about November 12, 2008.

        j.    H.M. IMPORT USA CORP. and JUN WU ZHANG imported into the United States knockoff Pokemon trading card games and Bakugan action figures seized by CBP on or about February 12, 2009.

        k.    GUAN JUN ZHANG used HCC Wholesales, Inc. to import into the United States knockoff Angry Birds and Green Pig plush toy sets seized by CBP on or about November 17, 2011.

        l.    GUAN JUN ZHANG used HCC Wholesales, Inc. to import into the United States knockoff Uno playing card sets and Cars electric cars seized by CBP on or about December 19, 2011.

        m.    ZY WHOLESALE INC. and CHENGLAN HU imported into the United States knockoff Pokemon trading cards seized by CBP on or about February 24, 2012.

n.   ZY WHOLESALE INC. and CHENGLAN HU imported into the United States knockoff Uno playing card sets seized by CBP on or about February 27, 2012.

o.   GUAN JUN ZHANG, who was manning the cash register at ZY WHOLESALE INC., of which CHENGLAN HU was a principal, sold to another individual knockoff Cars bubbles, push toy cars, electric toy cars and toy trucks, SpongeBob Squarepants, Dora the Explorer and Diego bubbles, two types of Thomas toy trains, Beautiful Girl doll sets, Winnie the Pooh hula hoops, Tech Deck and Toy Story 3 skateboards, and Hannah Montana toy trucks and toy formula racing cars, on or about April 27, 2012.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

COUNT THREE
(Illegal Importation and Distribution of
Violative Consumer Products)

32.   The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

33.   On or about April 20, 2012, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG and ZY WHOLESALE INC., together with others, did knowingly and willfully sell, offer for sale, distribute in commerce and import into the

United States consumer products that were banned hazardous substances within the meaning of the FHSA, Title 15 United States Code, Section 1261(q)(1), to wit: toy airplanes that were intended for use by children under 3 years of age, and included small parts which presented choking, aspiration and ingestion hazards, contrary to Title 16, Code of Federal Regulations, Part 1501.

(Title 15, United States Code, Sections 2068(a)(2)(D), 2070(a)(3) and 2070(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOUR
### (Illegal Importation and Distribution of Violative Consumer Products)

34.   The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

35.   On or about July 2, 2012, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG and XIU LAN ZHANG, together with others, did knowingly and willfully sell, offer for sale, distribute in commerce and import into the United States consumer products that were regulated, and not in conformity with applicable consumer product safety rules, under the CPSIA, to wit: toy dolls which contained more than .1 percent phthalates,

contrary to Title 15, United States Code, Sections 2057c(a) and 2057c(b)(1).

(Title 15, United States Code, Sections 2068(a)(1), 2070(a)(3) and 2070(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>COUNTS FIVE THROUGH SEVEN</u>
(Illegal Importation and Distribution of
Violative Consumer Products)

36.   The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

37.   On or about the dates set forth below, in the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG and FAMILY PRODUCT USA INC., together with others, did knowingly and willfully sell, offer for sale, distribute in commerce and import into the United States consumer products that were regulated, and not in conformity with applicable consumer product safety rules, under the CPSIA, to wit: toy bubble guns with batteries accessible without the use of a coin, screwdriver, or other common household tool, contrary to Title 15, United States Code, Section 2056b(a):

| COUNT | DATE |
|-------|------|
| 5 | 8/13/12 |
| 6 | 8/27/12 |
| 7 | 9/10/12 |

(Title 15, United States Code, Sections 2068(a)(1),
2070(a)(3) and 2070(b); Title 18, United States Code, Sections 2
and 3551 et seq.)

### COUNT EIGHT
(Illegal Importation and Distribution of
Violative Consumer Products)

38.   The allegations contained in paragraphs 1 through
25 are realleged and incorporated as if fully set forth in this
paragraph.

39.   On or about September 10, 2012, within the Eastern
District of New York and elsewhere, the defendants CHENGLAN HU,
GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG and
FAMILY PRODUCT USA INC., together with others, did knowingly and
willfully sell, offer for sale, distribute in commerce and import
into the United States consumer products that were banned
hazardous substances within the meaning of the FHSA, Title 15,
United States Code, Section 1261(q)(1), to wit: children's play

mats which contained more than 100 parts per million total lead content by weight for any part of the product, contrary to Title 15, United States Code, Section 1278a(a)(2)(C).

(Title 15, United States Code, Sections 2068(a)(2)(D), 2070(a)(3) and 2070(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNTS NINE THROUGH FOURTEEN
### (Smuggling)

40.    The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

41.    On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG and XIU LAN ZHANG, along with the corporate defendants below, together with others, fraudulently and knowingly imported and brought into the United States merchandise contrary to law, and received, concealed, bought, sold, and facilitated the transportation, concealment, and sale of such merchandise after importation, knowing the same to have been imported and brought into the United States contrary to law:

| COUNT | DATE | TOY | CORPORATE DEFENDANT |
|-------|------|-----|---------------------|
| 9 | 2/24/12 | Pokemon trading cards | ZY WHOLESALE INC. |
| 10 | 2/27/12 | Uno playing card sets | ZY WHOLESALE INC. |
| 11 | 4/20/12 | toy airplanes | ZY WHOLESALE INC. |
| 12 | 7/2/12 | toy dolls | N/A |
| 13 | 8/13/12 | toy bubble guns | FAMILY PRODUCT USA INC. |
| 14 | 9/10/12 | toy bubble guns and children's play mats | FAMILY PRODUCT USA INC. |

(Title 18, United States Code, Sections 545, 2 and 3551 et seq.)

### COUNT FIFTEEN
(Criminal Copyright Infringement)

42.   The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

43.   On or about April 27, 2012, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG and ZY WHOLESALE INC., together with others, did willfully infringe a copyright for purposes of commercial advantage and private financial gain and by the distribution during a 180-day period of ten or more copies of one or more copyrighted works having a total retail value of more than $2,500, to wit: Cars, Toy Story,

Dora the Explorer, SpongeBob Squarepants, Diego and Winnie the Pooh.

(Title 17, United States Code, Section 506(a)(1)(A); Title 18, United States Code, Sections 2319(b)(1), 2 and 3551 et seq.)

COUNTS SIXTEEN THROUGH SEVENTEEN
(Importation of Copyright-Infringing Items)

44.   The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

45.   On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG and XIU LAN ZHANG, together with others, did willfully import into the United States, during a 180-day period, for purposes of commercial advantage and private financial gain, at least ten copies of one or more copyrighted works having a total retail value of more than $2,500, without the authority of the owner of copyright under Title 17, United States Code, the making of which either constituted an infringement of copyright, or which would have constituted an infringement of copyright if Title 17, United States Code, had been applicable, as set forth below:

| COUNT | DATE | WORKS |
|-------|------|-------|
| 16 | 11/17/11 | Angry Birds and Green Pig |
| 17 | 12/19/11 | Cars |

(Title 17, United States Code, Sections 506(a)(1)(A) and 602(a)(2); Title 18, United States Code, Sections 2319(b)(1), 2 and 3551 et seq.)

### COUNTS EIGHTEEN THROUGH TWENTY-TWO
(Trafficking in Counterfeit Goods)

46. The allegations contained in paragraphs 1 through 25 are realleged and incorporated as if fully set forth in this paragraph.

47. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG and ZY WHOLESALE INC., together with others, intentionally trafficked in goods and knowingly used a counterfeit mark on and in connection with such goods, as set forth below:

| COUNT | DATE | TOY | TRADEMARK REGISTRATION # |
|-------|------|-----|--------------------------|
| 18 | 4/27/12 | Hannah Montana trucks | 3451222 |
| 19 | 4/27/12 | Toy Story 3 skateboards | 2520404 |
| 20 | 4/27/12 | Diego bubbles | 3398260 |
| 21 | 10/26/12 | Toy Story 3 flipover cars | 2520404 |
| 22 | 10/26/12 | Cars electric cars | 3178664 |

(Title 18, United States Code, Sections 2320(a)(1), 2 and 3551 et seq.)

### COUNT TWENTY-THREE
(Money Laundering Conspiracy)

48.   The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

49.   On or about and between January 1, 2010 and January 31, 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG and XIU LAN ZHANG, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, to wit: (i) smuggling, contrary to Title 18, United States Code, Section 545; (ii) criminal copyright infringement,

contrary to Title 18, United States Code, Section 2319; and (iii) trafficking in counterfeit goods, contrary to Title 18, United States Code, Section 2320, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity and:

> (a)  knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activities, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i); and

> (b)  to avoid a transaction reporting requirement under State and Federal Law, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii).

(Title 18, United States Code, Sections 1956(h), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Structuring Conspiracy)

50.  The allegations contained in paragraphs 1 through 19 are realleged and incorporated as if fully set forth in this paragraph.

51.  In or about and between August 2010 and December 2012, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HU, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XIU LAN ZHANG and ZY WHOLESALE INC., together with others, did knowingly and intentionally conspire, for the purpose of evading the reporting requirements of Title 31, United States Code, Section

5313(a), and the regulations issued thereunder, to structure, assist in structuring and attempt to structure one or more transactions with domestic financial institutions, to wit: Bank of America and Cathay Bank, by breaking down amounts of United States currency into amounts of less than $10,000 prior to depositing such currency with said financial institutions, contrary to Title 31, United States Code, Section 5324(a)(3).

52. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendants CHENGLAN HUA, GUAN JUN ZHANG, HUA FEI ZHANG, JUN WU ZHANG, XUI LAN ZHANG AND ZY WHOLESALE INC., together with others, committed and caused the commission of, among others, the following:

OVERT ACTS

a. On or about May 9, 2011, a deposit of $6,800 in U.S. currency was made to ZY WHOLESALE INC. Cathay Bank account 50880657.

b. Also on or about May 9, 2011, a deposit of $5,800 in U.S. currency was made to ZY WHOLESALE INC. Bank of America account 483025877482.

c. On or about May 23, 2011, a deposit of $7,170 in U.S. currency was made to ZY WHOLESALE INC. Cathay Bank account 50880657.

d.    Also on or about May 23, 2011, a deposit of $5,874 in U.S. currency was made to ZY WHOLESALE INC. Bank of America account 483025877482.

e.    On or about July 26, 2011, a deposit of $6,400 in U.S. currency was made to ZY WHOLESALE INC. Cathay Bank account 50880657.

f.    Also on or about July 26, 2011, a deposit of $5,090 in U.S. currency was made to ZY WHOLESALE INC. Bank of America account 483025877482.

g.    On or about November 10, 2011, a deposit of $4,675 in U.S. currency was made to ZY WHOLESALE INC. Cathay Bank account 50880657.

h.    Also on or about November 10, 2011, a deposit of $5,345 in U.S. currency was made to ZY WHOLESALE INC. Bank of America account 483025877482.

i.    On or about January 3, 2012, a deposit of $7,500 in U.S. currency was made to ZY WHOLESALE INC. Cathay Bank account 50880657.

j.    Also on or about January 3, 2012, a deposit of $4,070 in U.S. currency was made to ZY WHOLESALE INC. Bank of America account 483025877482.

k.    On or about May 3, 2012, a deposit of $8,680 in U.S. currency was made to ZY WHOLESALE INC. Cathay Bank account 50880657.

l.   Also on or about May 3, 2012, a deposit of $9,000 in U.S. currency was made to ZY WHOLESALE INC. Bank of America account 483025877482.

(Title 18, United States Code, Sections 371 and 3551 <u>et seq</u>.)

CRIMINAL FORFEITURE ALLEGATION
<u>FOR COUNTS ONE AND THREE THROUGH EIGHT</u>

53.   The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in Counts One and Three through Eight, the government will seek forfeiture, in accordance with Title 15, United States Code, Section 2070(c), of any asset associated with any such offenses, including but not limited to the following:

<u>Money Judgment</u>

a.   A sum of money in U.S. currency in an amount to be determined at trial;

<u>Specific Properties</u>

b.   Any and all funds on deposit or transferred to or through BANK OF AMERICA ACCOUNT NO. 483025877482 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

c.   Any and all funds on deposit or transferred to or through CATHAY BANK ACCOUNT NO. 50880657 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

d.   Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NO. 64042863 HELD IN THE NAME OF ZCY TRADING CORP. and all proceeds traceable thereto;

e.   Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NOS. 72163682 AND 72517921 HELD IN THE NAME OF HUA FEI ZHANG and all proceeds traceable thereto;

f.   Any and all funds on deposit or transferred to or through CHASE BANK ACCOUNT NO. 770008282 HELD IN THE NAMES OF HUA FEI ZHANG AND CHENGLAN HU and all proceeds traceable thereto;

g.   ONE BLACK 2011 LEXUS LX 570, BEARING VIN # JTJHY7AX7B4059720 NY LICENSE PLATE NO. GCG-1467, currently registered in the name of defendant HUA FEI ZHANG;

h.   ONE 2009 PORSCHE CAYENNE GTS, BEARING VIN # WP1AD29P49LA60698 NY LICENSE PLATE NO. GCG-1600, currently registered in the name of defendant HUA FEI ZHANG;

i.   ONE 2009 BLACK TOYOTA CAMRY XLE, BEARING VIN # 4T1BK46K19U074192 NY LICENSE PLATE NO. GAM-5053, currently registered in the name of a third-party straw owner of the defendants;

j.   Real Property and Premises known as 45-64 204th Street, Bayside, New York 11361, designated on the New York City, Borough of Queens Tax Map as Block: 5546, Lot: 25, title to which is held in the names of defendants HUA FEI ZHANG and GUAN JUN ZHANG; and

k.   Real Property and Premises known as 43-02 111th Street, Corona, New York 11368, title to which is held in the name of defendant HUA FEI ZHANG.

54.   If any of the above-described forfeitable property as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred, sold to or deposited with a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided with difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 15, United States Code, Section 2070(c), Title 21, United States Code, Section 853(p); Title 28, United States Code Section 2461(c)).

### CRIMINAL FORFEITURE ALLEGATION
### FOR COUNTS NINE THROUGH FOURTEEN

55. The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in Counts Nine through Fourteen, the government will seek forfeiture, in accordance with Title 18, United States Code, Sections 545 and 982 (a)(2)(B), of any property constituting, or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the following:

#### Money Judgment

a. A sum of money in U.S. currency in an amount to be determined at trial;

#### Specific Properties

b. Any and all funds on deposit or transferred to or through BANK OF AMERICA ACCOUNT NO. 483025877482 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

c.  Any and all funds on deposit or transferred to or through CATHAY BANK ACCOUNT NO. 50880657 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

d.  Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NO. 64042863 HELD IN THE NAME OF ZCY TRADING CORP. and all proceeds traceable thereto;

e.  Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NOS. 72163682 AND 72517921 HELD IN THE NAME OF HUA FEI ZHANG and all proceeds traceable thereto;

f.  Any and all funds on deposit or transferred to or through CHASE BANK ACCOUNT NO. 770008282 HELD IN THE NAMES OF HUA FEI ZHANG AND CHENGLAN HU and all proceeds traceable thereto;

g.  ONE BLACK 2011 LEXUS LX 570, BEARING VIN # JTJHY7AX7B4059720 NY LICENSE PLATE NO. GCG-1467, currently registered in the name of HUA FEI ZHANG;

h.  ONE 2009 PORSCHE CAYENNE GTS, BEARING VIN # WP1AD29P49LA60698 NY LICENSE PLATE NO. GCG-1600, currently registered in the name of HUA FEI ZHANG;

i.  ONE 2009 BLACK TOYOTA CAMRY XLE, BEARING VIN # 4T1BK46K19U074192 NY LICENSE PLATE NO. GAM-5053, currently registered in the name of a third-party straw owner of the defendants;

j.  Real Property and Premises known as 45-64 204th Street, Bayside, New York 11361, designated on the New York City, Borough of Queens Tax Map as Block: 5546, Lot: 25, title to which is held in the names of defendants HUA FEI ZHANG and GUAN JUN ZHANG; and

k.  Real Property and Premises known as 43-02 111th Street, Corona, New York 11368, title to which is held in the name of defendant HUA FEI ZHANG.

56.  If any of the above-described forfeitable property as a result of any act or omission of the defendants:

a.  cannot be located upon the exercise of due diligence;

       b.   has been transferred, sold to or deposited with a third party;

       c.   has been placed beyond the jurisdiction of the court;

       d.   has been substantially diminished in value; or

       e.   has been commingled with other property which cannot be divided with difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 545, 982(a)(2)(B) and 982(b); Title 21, United States Code, Section 853(p)).

CRIMINAL FORFEITURE ALLEGATION
FOR COUNTS TWO AND FIFTEEN THROUGH TWENTY-TWO

57.   The United States hereby gives notice to the defendants that, upon conviction of any of the offenses charged in Counts Two and Fifteen through Twenty-Two, the government will seek forfeiture, in accordance with Title 18, United States Code, Sections 2323, of any property used or intended to be used, in any manner or part to commit or facilitate the commission of any such offense, and/or any property constituting, or derived from

proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the following:

### Money Judgment

a.   A sum of money in U.S. currency in an amount to be determined at trial;

### Specific Properties

b.   Any and all funds on deposit or transferred to or through BANK OF AMERICA ACCOUNT NO. 483025877482 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

c.   Any and all funds on deposit or transferred to or through CATHAY BANK ACCOUNT NO. 50880657 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

d.   Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NO. 64042863 HELD IN THE NAME OF ZCY TRADING CORP. and all proceeds traceable thereto;

e.   Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NOS.72163682 AND 72517921 HELD IN THE NAME OF HUA FEI ZHANG and all proceeds traceable thereto;

f.   Any and all funds on deposit or transferred to or through CHASE BANK ACCOUNT NO. 770008282 HELD IN THE NAMES OF HUA FEI ZHANG AND CHENGLAN HU and all proceeds traceable thereto;

g.   ONE BLACK 2011 LEXUS LX 570, BEARING VIN # JTJHY7AX7B4059720 NY LICENSE PLATE NO. GCG-1467, currently registered in the name of defendant HUA FEI ZHANG;

h.   ONE 2009 PORSCHE CAYENNE GTS, BEARING VIN # WP1AD29P49LA60698 NY LICENSE PLATE NO. GCG-1600, currently registered in the name of defendant HUA FEI ZHANG;

i.   ONE 2009 BLACK TOYOTA CAMRY XLE, BEARING VIN # 4T1BK46K19U074192 NY LICENSE PLATE NO. GAM-5053, currently registered in the name of a third-party straw owner of the defendants;

j.   Real Property and Premises known as 45-64 204th Street, Bayside, New York 11361, designated on the New York City, Borough of Queens Tax Map as Block: 5546, Lot: 25, title to

which is held in the names of defendants HUA FEI ZHANG and GUAN JUN ZHANG; and

         k.  Real Property and Premises known as 43-02 111th Street, Corona, New York 11368, title to which is held in the name of defendant HUA FEI ZHANG.

        58.  If any of the above-described forfeitable property as a result of any act or omission of the defendants:

        a.  cannot be located upon the exercise of due diligence;

        b.  has been transferred, sold to or deposited with a third party;

        c.  has been placed beyond the jurisdiction of the court;

        d.  has been substantially diminished in value; or

        e.  has been commingled with other property which cannot be divided with difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 2323, to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

        (Title 18, United States Code, Section 2323; Title 21, United States Code, Section 853(p)).

## CRIMINAL FORFEITURE ALLEGATION
### FOR COUNT TWENTY-THREE

59.   The United States hereby gives notice to the defendants that, upon conviction of the offense charged in Count Twenty-Three, the government will seek forfeiture, in accordance with Title 18, United States Code, Section 982 (a)(1), of any property involved in such offense, or any property traceable to such property, including but not limited to the following:

Money Judgment

a.   A sum of money in U.S. currency in an amount to be determined at trial;

Specific Properties

b.   Any and all funds on deposit or transferred to or through BANK OF AMERICA ACCOUNT NO. 483025877482 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

c.   Any and all funds on deposit or transferred to or through CATHAY BANK ACCOUNT NO. 50880657 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

d.   Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NO. 64042863 HELD IN THE NAME OF ZCY TRADING CORP. and all proceeds traceable thereto;

e.   Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NOS. 72163682 AND 72517921 HELD IN THE NAME OF HUA FEI ZHANG and all proceeds traceable thereto;

f.   Any and all funds on deposit or transferred to or through CHASE BANK ACCOUNT NO. 770008282 HELD IN THE NAME OF HUA FEI ZHANG AND CHENGLAN HU and all proceeds traceable thereto;

g.   ONE BLACK 2011 LEXUS LX 570, BEARING VIN # JTJHY7AX7B4059720 NY LICENSE PLATE NO. GCG-1467, currently registered in the name of defendant HUA FEI ZHANG;

h.    ONE 2009 PORSCHE CAYENNE GTS, BEARING VIN # WP1AD29P49LA60698 NY LICENSE PLATE NO. GCG-1600, currently registered in the name of defendant HUA FEI ZHANG;

i.    ONE 2009 BLACK TOYOTA CAMRY XLE, BEARING VIN # 4T1BK46K19U074192 NY LICENSE PLATE NO. GAM-5053, currently registered in the name of a third-party straw owner of the defendants;

j.    Real Property and Premises known as 45-64 204th Street, Bayside, New York 11361, designated on the New York City, Borough of Queens Tax Map as Block: 5546, Lot: 25, title to which is held in the names of defendants HUA FEI ZHANG and GUAN JUN ZHANG; and

k.    Real Property and Premises known as 43-02 111th Street, Corona, New York 11368, title to which is held in the names of defendant HUA FEI ZHANG.

60.    If any of the above-described forfeitable property as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred, sold to or deposited with a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided with difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), to seek

forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b); Title 21, United States Code, Section 853(p)).

### CRIMINAL FORFEITURE ALLEGATION
### FOR COUNT TWENTY-FOUR

61. The United States hereby gives notice to the defendants that, upon conviction of the offense charged in Count Twenty-Four, the government will seek forfeiture, in accordance with Title 31, United States Code, Section 5317(c), of any property involved in such offense, or any property traceable to such property, including but not limited to the following:

#### Money Judgment

a. A sum of money in U.S. currency in an amount to be determined at trial;

#### Specific Properties

b. Any and all funds on deposit or transferred to or through BANK OF AMERICA ACCOUNT NO. 483025877482 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

c. Any and all funds on deposit or transferred to or through CATHAY BANK ACCOUNT NO. 50880657 HELD IN THE NAME OF ZY WHOLESALE INC. and all proceeds traceable thereto;

d. Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NO. 64042863 HELD IN THE NAME OF ZCY TRADING CORP. and all proceeds traceable thereto;

e. Any and all funds on deposit or transferred to or through HSBC BANK ACCOUNT NOS. 72163682 AND 72517921 HELD IN THE NAME OF HUA FEI ZHANG and all proceeds traceable thereto;

f.   Any and all funds on deposit or transferred to or through CHASE BANK ACCOUNT NO. 770008282 HELD IN THE NAME OF HUA FEI ZHANG AND CHENGLAN HU and all proceeds traceable thereto;

g.   ONE BLACK 2011 LEXUS LX 570, BEARING VIN # JTJHY7AX7B4059720 NY LICENSE PLATE NO. GCG-1467, currently registered in the name of defendant HUA FEI ZHANG;

h.   ONE 2009 PORSCHE CAYENNE GTS, BEARING VIN # WP1AD29P49LA60698 NY LICENSE PLATE NO. GCG-1600, currently registered in the name of defendant HUA FEI ZHANG;

i.   ONE 2009 BLACK TOYOTA CAMRY XLE, BEARING VIN # 4T1BK46K19U074192 NY LICENSE PLATE NO. GAM-5053, currently registered in the name of a third-party straw owner of the defendants;

j.   Real Property and Premises known as 45-64 204th Street, Bayside, New York 11361, designated on the New York City, Borough of Queens Tax Map as Block: 5546, Lot: 25, title to which is held in the names of defendants HUA FEI ZHANG and GUAN JUN ZHANG; and

k.   Real Property and Premises known as 43-02 111th Street, Corona, New York 11368, title to which is held in the names of defendant HUA FEI ZHANG.

62.   If any of the above-described forfeitable property as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred, sold to or deposited with a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided with difficulty;

40

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 31, United States Code, Section 5317(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317; Title 21, United States Code, Section 853(p)).

A TRUE BILL

FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY:
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131